UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALEX MERCED, candidate of the Libertarian
Party for the office of the United States Senator
for the State of New York; WILLIAM REDPATH,
a Virginia resident; and MARK E. GLOGOWSKI,
as Chair and on behalf of the Libertarian Party of     16CV3054 (SJ) (SMG)
New York, an independent body,

                Plaintiffs,     ORDER DENYING
                               PRELIMINARY
    -vs.-                      INJUNCTION

ANDREW J. SPANO, GREGORY P. PETERSON,
PETER S. KOSINSKI, and DOUGLAS A.
KELLNER, in their official capacities as
Commissioners of the New York State Board of
Election,

                Defendants.
---------------------------------------------------------X

JOHNSON, U.S.D.J:

      On June 13, 2016, plaintiffs Alex Merced, William Redpath and Mark Glogowski ("Plaintiffs") filed a complaint against the Commissioners of the New York State Board of Elections ("Defendants") seeking declaratory and injunctive relief pursuant to, inter alia, the First and Fourteenth Amendment to the United States Constitution. Plaintiffs Alex Merced ("Merced") and Mark Glogowski ("Glogowski") are New York residents and members of the Libertarian Party of New York ("LPNY" or the "Party"). Merced is the Party's selected candidate for United States Senator in the upcoming November election. Plaintiff William

1

Redpath ("Redpath") is a member-at-large of the Libertarian party who resides in the Commonwealth of Virginia. Plaintiffs seek to challenge the constitutionality of New York Election Law § 6-104(1), claiming it places an undue burden on their political speech, and begs of the Court to relieve them of certain provisions thereunder. Based on the submissions of the parties, and oral argument held before the Court on July 11, 2016, Plaintiffs' motion for a preliminary injunction is denied.

## BACKGROUND

Under New York law, a political "party" is one for which "at the last preceding election for governor polled at least fifty thousand votes for its candidate for governor." N.Y. Elec. L. § 1-104(3). Other entities, referred to as "independent bodies," may organize campaigns and nominate candidates provided certain requirements are met. Independent candidates must be nominated by petition. Those petitions must bear a certain number of signatures, and the number depends on the position sought by the candidate. The signatories to such petitions must be New York State registered voters and each New York State registered voter may only sign one petition for a candidate running for a given office. N.Y. Elec. L. § 6-138. The law also requires that each sheet of a petition contains the declaration of a witness. N.Y. Elec. L. § 6-140 ("Section 6-140"). That witness must him or herself be a registered voter in the State of New York. Id. It is this final requirement that is at the heart of this lawsuit.

Plaintiffs seek to have Merced's name submitted to the ballot on an independent petition without having a registered New York voter witness each page, claiming that the voter registration requirement will cause them irreparable harm in the upcoming Senate race. The petitioning period for independent petitions in New York State began on June 21, 2016, and petitions must be submitted by August 2, 2016. Plaintiffs filed the complaint and motion for preliminary injunction on June 13, 2016.

DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-690 (2008); Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (1987); and Weinberger v. Romero–Barcelo, 456 U.S. 305, 311–312 (1982)); see also Pope v. County of Albany, 687 F.3d 565, 570-571 (2d Cir. 2012) ("Where . . . a party seeks a preliminary injunction against government action taken in the public interest pursuant to a statutory scheme, a moving party must demonstrate that (1) he is likely to succeed on the merits of the underlying claim; (2) he will suffer irreparable harm absent

injunctive relief, and (3) the public interest weighs in favor of granting the injunction.")

*Likelihood of Success on the Merits*

"Consideration of the merits is virtually indispensable in the First Amendment context, where the likelihood of success on the merits is the dominant, if not the dispositive, factor." New York Progress and Prot. PAC v. Walsh, 733 F.3d 483 (2d Cir. 2013). In this case, the parties agree that the Second Circuit has not squarely addressed the constitutionality of Section 6-140. Plaintiffs ask the Court to rely on Libertarian Party of Conn. v. Merrill, No. 15 CV 1851 (JCH) (D. Conn. Feb. 26, 2016), in which the Libertarian Party's motion for a preliminary injunction under similar circumstances was granted in Connecticut, and Libertarian Party of Va, v. Judd, 718 F.3d 308 (4th Cir. 2013), in which the Party also successfully challenged a state residency requirement for petition circulators. Defendants, on the other hand, rely on Initiative & Referendum Institute v. Jaeger, 241 F.3d 614 (8th Cir. 2001), in which the Eighth Circuit found constitutional a North Dakota residency requirement for that state's "qualified electors."

The parties do not dispute that residency requirements for petition witnesses constitute a burden on political speech and are subject to strict scrutiny for First and Fourteenth Amendment purposes. Both sides also cite Lerman v. Bd. of Elections in the City of N.Y., 232 F.3d 135 (2d Cir. 2000). There, plaintiff served as a

witness to signatures on a petition for John Sollazo, a member of the Independence Party of New York. Id. at 139. Sollazo sought to run for a New York City Council Seat representing the 50th Council District, but plaintiff Lerman resided in a different district. Id. The Second Circuit held the law requiring witnesses to be residents of the same district as the candidate to be overbroad and thus unconstitutional on its face. See generally 232 F.3d 135.

In the instant case, Plaintiffs find that Lerman supports the issuance of a preliminary injunction, because, they argue, the statute limiting witnesses to the State of New York in a Senate contest is just as unconstitutional as the one limiting witnesses to the Council District in a City Council contest. On the other hand, Defendants distinguish Lerman by arguing that the state has a compelling interest in limiting witnesses to its own residents, who are subject to the state's subpoena power, in the event of election fraud. This is an interest that was not implicated in Lerman, where both the candidate and the witness were New York State residents. Defendants further argue that the requirement that the witness be a registered voter (and not solely a resident of the state) serves the compelling interest of preventing those who do not have the right to vote from serving as witnesses. Although the Court expresses no opinion on the ultimate outcome, it finds that Plaintiff has demonstrated a likelihood that the witness requirement is overbroad. Even in Jaeger, the case relied upon by Defendants, the residency requirement did not also require the circulator to be an in-state registered voter. 241 F.3d at 615-616.

*Remaining Elements*

The remaining elements (irreparable harm, balance of the equities and public interest) will be discussed together because in this instance, they are intertwined.

"[L]oss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Mullins v. City of New York, 307 Fed. Appx. 585, 587 (2d Cir. 2009) ("Where a plaintiff alleges an injury from a rule or regulation that *directly* limits speech, the irreparable nature of the harm may be presumed.") (emphasis in original).

However, a plaintiff who plays a role in the imposition of the injury does not come to the table with clean hands. "Laches is an equitable defense which bars injunctive relief where a plaintiff unreasonably delays in commencing an action." Matter of Defend H2O v. Town Bd. of East Hampton, Dkt. Nos. 15 CV 2349, 15 CV 5735 (ADS) (AYS), 2015 WL 7721207, at *13 (E.D.N.Y. Nov. 30, 2015) (citations omitted). "[T]he failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995). Here, with the exception of 1986, the Party has collected signatures and submitted petitions pursuant to Section 6-140 every two years since 1974, yet the instant motion was filed a week before 2016's brief, six-week

petitioning period began.  No satisfactory explanation has been offered for bringing this action on the heels of an election.  A preliminary injunction is an extraordinary remedy, but the courthouse is not an emergency room – certainly not for such a contrived crisis.

Related to this shortcoming is the public interest in fairness to all electoral candidates, who may not discover that the rules have been changed or may not have the time or means available to reframe or expand their campaigns so as to dispense with the current witness requirement, to name just a few possible unfair outcomes.  By extension, a preliminary injunction would affect the entire electorate and possibly open a Pandora's Box of future litigation in order to sort out the election, post hoc.

Where the public interest in denying the motion is particularly strong, that alone may counsel a denial of injunctive relief.  See Winter, 555 U.S. at 23-24 (finding public interest to outweigh likelihood of irreparable injury where respondents sought to enjoin the United States Navy from conducting certain sonar training in the absence of research on the consequences to marine life).  This is such a case.

## CONCLUSION

For the foregoing reasons, Plaintiffs motion for a preliminary injunction is denied. The parties are directed to proceed expeditiously with discovery.

SO ORDERED.

Dated: July 14, 2016  _____/s/_____
       Brooklyn, NY  Sterling Johnson, Jr., U.S.D.J.