LAW OFFICE OF GARY L. DONOYAN
565 Plandome Road, #209
Manhasset, New York 11030
(516) 312-8782
Fax (516) 627-6164
gdonoyan@garydonoyanlaw.com

11 July 2017

Hon. Steven M. Gold, Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    Merced et al. v. Spano et al.
               Index No. 16-CV-3054 (SJ) (SMG)
               <u>United States District Court, Eastern District of New York</u>

Dear Judge Gold:

      This office represents the plaintiffs in the above action, brought for a declaratory judgment and a permanent injunction to permit the use of non-duly qualified New York voters as witnesses to independent nominating petition sheets for candidates for public office in New York. This letter is submitted pursuant to Your Honor's request for a response to defendants' pre-motion conference application, Docket Entry 27, in the interest of limiting issues that may arise at the status conference currently scheduled for July 20, 2017.

      Defendants suggest that "the right to use [the] independent body name" of the LPNY is not "involved here," and that therefore, plaintiff Mark E. Glogowski ("Glogowski") may not sue in his own name pursuant to Fed.R.Civ.Proc. Rule 17(a)(1)(G) for the benefit of the Libertarian Party of New York ("LPNY"), an independent body. <u>See</u> N.Y. Election Law §16-104(1). That is incorrect. By preventing the LPNY's members, candidates and supporters from using non-duly qualified New York voters as petition witnesses, the defendants have unconstitutionally restricted them from using that name to the full extent permitted. Therefore, plaintiff Glogowski is a party authorized by statute to bring a proceeding to defend that right, and is authorized by Rule 17(a)(1)(G) to prosecute the instant action.

      Defendants also suggest the plaintiff Glogowski may not "sue in his own name on behalf of a corporation such as LPNY." Also incorrect, because in this case, it is undisputed that the corporation is also an independent body. Election Law §16-104(1). In fact, New York law makes no provision for the bringing of a proceeding to defend the right to use an independent body name, by a corporation.

      Thus plaintiff Glogowski has the capacity to bring this claim, as does plaintiff William Redpath ("Redpath"). Whether Mr. Redpath has already "circulated nominating petitions in this state" or not has no effect, of course, on his standing to claim that he has been "severely burdened

by the Witness Requirement," and in fact, he has been, and will continue to be. Plaintiffs refer to their memoranda of law in support of their motion for a preliminary injunction [Docket Numbers 4 and 12], where plaintiffs showed that the recent jurisprudence overwhelmingly supports plaintiffs' claims. Johnson v. Cuomo, a 1984 case now cited again by defendants, addressed and denied a motion for a preliminary injunction, while finding that the claim had "arguable merit." Plaintiffs intend to show that they are entitled to summary judgment as a matter of law, and will address the remaining legal arguments made by defendants to the court's satisfaction at that time.

Respectfully submitted,

Gary L. Donoyan

cc: John M. Schwartz, Esq. (by ECF)
Office of the New York Attorney General – Manhattan