```
TED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x
FREE LIBERTARIAN PARTY, INC., a New York not-   :
for-profit corporation doing business as the Libertarian :
party of New York and acting as an independent body :
under the name of the Libertarian Party; and WILLIAM :
REDPATH, a Virginia resident,                   :          MEMORANDUM &
                                                :          ORDER
                   Plaintiffs,                  :          16-CV-3054 (SMG)
                                                :
         -against-                              :
                                                :
ANDREW J. SPANO, GREGORY P. PETERSON,           :
PETER S. KOSINSKI, and DOUGLAS A. KELLNER,      :
in their official capacities as Commissioners of the New :
York State Board of Elections,                  :
                                                :
                   Defendants.                  :
----------------------------------------------------------------------- x
```

GOLD, STEVEN M., U.S.M.J.:

The Court, having today entered a declaratory judgment and permanent injunction, issues this separate Memorandum and Order to address the parties' competing positions on what form the declaratory judgment and permanent injunction should take and whether or not the permanent injunction should, as defendants urge, be stayed until November 7, 2018.

First, the Court enters the declaratory judgment and the permanent injunction proposed in substantial part by defendants (the "State"). Defendants' Proposed Declaratory Judgment, Docket Entry 63-1. In doing so, the Court denies plaintiffs' application to include a provision based upon the statute adopted in Arizona and described in the Court's decision granting plaintiffs' motion for summary judgment. *Free Libertarian Party v. Spano*, 2018 WL 2277834, at *9-10 (E.D.N.Y. May 18, 2018); Plaintiffs' Proposed Declaratory Judgment, Docket Entry 62-1. As the State points out, the Court's decision granting plaintiffs' motion for summary judgment, while it holds the prohibition against residents from other states witnessing

independent nominating petitions to be unconstitutional, does not dictate the adoption of any particular remedy. Defendants' Letter dated May 25, 2018 ("Defs.' Letter") at 1-2, Docket Entry 63. More specifically, while the Court looked to the Arizona statute as an example of a narrowly tailored means of addressing the State's legitimate interests, it did not hold that the State must replace its current law with the Arizona statute, or that Arizona's procedures were the only ones that pass constitutional muster. Rather, it is for the State to decide how to respond to the Court's ruling.

Second, the Court exercises its "broad discretion to frame equitable remedies" to grant defendants' application that the effective date of the permanent injunction be delayed until November 7, 2018, after the upcoming 2018 election cycle. *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 496 (2d Cir. 2009) (internal quotation marks and citation omitted). In support of their application, defendants point out that the collection of petition signatures is scheduled to take place over a six-week period beginning on June 19, 2018. Defs.' Letter at 3.

In awarding or withholding immediate relief, "a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles." *Reynolds v. Sims*, 377 U.S. 533, 585 (1946). In considering a stay, "a court can reasonably endeavor to avoid a disruption of the election process which might result from requiring precipitate changes that could make unreasonable or embarrassing demands on a State in adjusting to the requirements of the court's decree." *Id.*; *see also Colón-Marrero v. Conty-Pérez*, 703 F.3d 134, 139 & n.9 (1st Cir. 2012) (per curiam) (affirming denial of a preliminary injunction reinstating voters to a registration roll despite finding that plaintiff had demonstrated a likelihood of success on the merits); *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918-20 (9th Cir. 2003) (affirming district

court's denial of preliminary injunction where plaintiffs had a "possibility of success" and noting that the "district court did not abuse its discretion in concluding that plaintiffs will suffer no hardship that outweighs the stake of the State . . . and its citizens in having [the] election go forward as planned"); *Kermani v. N.Y. State Bd. of Elections*, 487 F. Supp. 2d 101, 113-14 (N.D.N.Y. 2006) (finding that plaintiff would likely succeed in challenging restrictions against campaign contributions, but staying the issuance of a preliminary injunction "so as to provide the State Legislature time to re-consider the statutory provisions").

Here, as noted in the Court's previous Order, the State does have a compelling interest in ensuring integrity and preventing fraud in the electoral process. *Spano*, 2018 WL 2277834, at *9; *see also Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 149 (2d Cir. 2000). It is not reasonable to expect the State to devise and implement a new statute or procedure to safeguard these interests in a matter of weeks. Contrary to the suggestion in plaintiffs' memorandum, compliance with the Court's decision requires more than merely changing the language on a form. Plaintiffs' Memorandum of Law in Support of Proposed Judgment at 8, Docket Entry 65. Designing and implementing procedures that comply with the Court's ruling but nevertheless provide adequate safeguards against fraud will require careful study by the State Legislature, and that undoubtedly will take some time.

As this Court has already ruled, the witness-residency requirement unconstitutionally burdens plaintiffs' First Amendment rights; accordingly, there is no doubt that plaintiffs will be harmed if the effective date of the injunction is deferred. *See Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 889 F. Supp. 2d 606, 614 (S.D.N.Y. 2012) ("[H]aving granted a preliminary injunction based upon a finding of irreparable harm to plaintiffs, it would be 'logically inconsistent' to then find that plaintiffs would not suffer irreparable harm were the

injunction stayed pending appeal." (quoting *Rodriguez v. DeBuono,* 175 F.3d 227, 234–35 (2d Cir.1999)). "The infringement of First Amendment freedoms, 'for even minimal periods of time, unquestionably constitutes irreparable harm.'" *Id.* (quoting *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010)).

That being said, however, plaintiffs' harm is outweighed by the substantial harm, discussed above, that would ensue if this late-hour change in long-established election procedures were to take effect immediately. Moreover, at least some of the responsibility for the Court's having ruled with the petition signature season looming rests with plaintiffs themselves. This Court, after expressing doubt about the standing of the original plaintiffs in the case, gave plaintiffs numerous opportunities to join the Free Libertarian Party as a party. *See, e.g.*, Transcript of Motion Hearing Held on December 13, 2017 at 3:12-15; 29:9-18, Docket Entry 48. Plaintiffs did so, though, only after their motion for summary judgment and the State's cross-motion were filed and after the motions were argued before the Court. *See* Amended Complaint, Docket Entry 45.[1] After a further round of briefing, argument was held on March 29, 2018. The Court then rendered its decision on May 18, 2018, approximately a month before federal petitioning season was set to start. In short, the State would likely have had sufficient time to address this Court's ruling and to adopt new procedures before petitioning season began had it not been for the plaintiffs' delay in joining the Free Libertarian Party as a plaintiff.

Finally, in their letter dated May 25, 2018, plaintiffs seek an award of fees. Plaintiffs' Letter dated May 25, 2018 at 2, Docket Entry 62. The parties shall attempt to the resolve the amount of fees plaintiffs are entitled to by agreement. If they are unable to resolve the dispute

---

[1] Plaintiffs seem to argue that defendants should have begun preparing for a holding that the witness-residency requirement is unconstitutional when this case was filed. Plaintiffs' Letter dated May 25, 2018 at 2. It is unreasonable, though, to expect the State to have developed new procedures before the Court held the existing statute unconstitutional.

4

by June 20, 2018, they shall submit a letter proposing a briefing schedule for plaintiffs' motion for attorney's fees.

In conclusion, for the reasons mentioned above, equity favors that this Court provide that the effective date of its injunction be delayed until November 7, 2018, after the upcoming 2018 election cycle. With regard to plaintiffs' application for attorney's fees, if the parties are unable to agree on an amount, they shall submit a letter proposing a briefing schedule for plaintiffs' motion for attorney's fees by June 20, 2018.

SO ORDERED
_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 12, 2018

*U:\#VAR 2017-2018\Merced Et Al V. Spano Et Al. 16-CV-3054\Stay\Flpv.Spano_Accompanyingorder_Draft2.Docx*